**ANDERSON BANTA CLARKSON** PLLC
48 NORTH MACDONALD
MESA, ARIZONA 85201
TELEPHONE (480) 788-3053

Adam C. Anderson/024314
Attorney for Plaintiff, Summer Timmerman

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

# TUCSON DIVISION

| | |
|---|---|
| SUMMER TIMMERMAN,<br><br>            Plaintiff,<br><br>vs.<br><br>THE HAMILTON LAW ASSOCIATION, P.A.,<br><br>            Defendant, | Case No.:<br><br>**COMPLAINT** |

NOW COMES the plaintiff, SUMMER TIMMERMAN, by and through her attorneys, ANDERSON BANTA CLARKSON PLLC, and for her Complaint against the defendant, THE HAMILTON LAW ASSOCIATION, P.A., the plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. SUMMER TIMMERMAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Tucson, County of Pima, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to CIT-Amerifee (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. THE HAMILTON LAW ASSOCIATION, P.A., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Arizona.  Defendant's principal place of business is located in the State of Florida.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

14. On or about August 9, 2016, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff.

15. The aforesaid correspondence was the initial communication with Plaintiff.

16. The aforesaid correspondence stated, "settlement in full shall be in he total amount of $7,401.32…due on or before August 12, 2016."

17. The aforesaid information contained in the correspondence overshadowed and obfuscated Plaintiff's right to dispute the Debt and to seek validation of said debt by placing important disclosures regarding Plaintiff's right to dispute the debt and seek validation as a post-script, after the signature line, and in fine print smaller than the remaining font of the communication.  Further, the payment demand required payment to be due only three days after the letter was drafted.

18. In the aforesaid correspondence Defendant sent to Plaintiff, dated August 9, 2016, Defendant identified the original creditor as being "CIT-Amerifee."

19. In the aforesaid correspondence Defendant sent to Plaintiff, dated August 9, 2016, Defendant failed to identify the current creditor.

20. By using the term "original creditor" and failing to identify any current creditor, a least sophisticated consumer would not be able to identify to whom the debt is currently owed.

21. Defendant failed to provide Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the name of the creditor to whom the Debt was allegedly owed.

22. On or about August 12, 2016, a representative called Plaintiff and left a voicemail message for Plaintiff.

23. During the course of the aforesaid voicemail message, Defendant stated that she was calling from the Hamilton Law Firm and that if Plaintiff does not call back before the end of the day, she will "sign off on the file" and that they have Plaintiff's address for service.

24. The aforementioned representation had the effect of conveying to an unsophisticated consumer that if she does not call back, Defendant will be filing a lawsuit against her.

25. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

26. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

27. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

28. Upon information and belief, at the time of making the aforementioned threat, Defendant did not have any employees that were licensed to practice law in the State of Arizona.

29. During the course of its telephone calls with Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

30. In its attempts to collect the debt allegedly owed by Plaintiff to CIT Amerifee, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

    c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    f. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the aforementioned Letter;

    g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

31. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

32. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SUMMER TIMMERMAN, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

**ANDERSON BANTA CLARKSON PLLC**

By /s Adam C. Anderson
Adam C. Anderson
48 North MacDonald Street
Mesa, AZ 85201
Attorney for Plaintiff, Summer Timmerman